[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Robert H. Mason appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. Mason's classification as a sexual predator stemmed from an earlier jury trial in which he was convicted of raping an adult female in 1974. In 1975, Mason was sentenced to an indefinite term of incarceration of seven to twenty-five years. Though Mason was paroled in 1988, he was returned to prison after violating his parole in 1989.
At a September 27, 2000, classification hearing, held before a different judge than the sentencing judge, Mason was found to be a sexual predator and was ordered to register upon release from prison. See R.C.2950.09(C) and 2950.04(A)(1); see, also, State v. Riley (Apr. 6, 2001), Hamilton App. No. C-000081, unreported. In two interrelated assignments of error, Mason now contests the weight and the sufficiency of the evidence presented to support that finding.
At the hearing, the state offered into evidence four documents from the Chillicothe and Mansfield Correctional Institutes, which revealed the disturbing facts of the underlying conviction and Mason's prior juvenile record. Various psychological evaluations were attached to these documents, including a 1993 Pre-Parole Personality Evaluation in which two psychologists noted that Mason had rejected sex-offender treatment and "viewed the notion that he was a sex offender as somewhat humorous," and concluded that Mason exhibited an antisocial personality disorder and "is very likely to act-out when he becomes angry, and will require very close supervision." Mason testified under oath and denied his involvement in the 1974 rape.
As contemplated by the statutory scheme and by the Ohio Supreme Court's recent decision in State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 888-889, when making a determination of the future behavior of a sexually-oriented offender in a classification hearing, a trial court must create a record for review, provide for expert opinion on the threat of recidivism, if required, and determine the offender's likelihood of recidivism after considering the statutory factors and "discuss[ing] on the record the particular evidence and factors upon which it relies." Id.; see, also, R.C. 2950.09(B)(2).
Here, the trial court created a more than adequate record for appellate review. By receiving documentary evidence and sworn testimony, Judge Patrick Dinkelacker made the kind of record that is contemplated for review in a sexual-offender-classification hearing. See State v.Eppinger, 91 Ohio St.3d at 166, 743 N.E.2d at 888-889. While Mason had been convicted of only one sexually-oriented offense, in light of the extensive, recent psychological evidence, this was not a case where a psychiatric or a psychological expert was "reasonably necessary to aid in determining" the likelihood of future recidivism. Id. at 163,743 N.E.2d at 886. We note that neither Mason nor the state sought a continuance to obtain a current psychiatric or psychological examination. See, e.g.,State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
According to the transcript of the classification hearing, Judge Dinkelacker identified specific factors from R.C. 2950.09(B)(2) that were present in the record. He recited into the record that Mason had committed a violent assault and rape, exhibiting cruelty to his victim and to her four-year-old daughter, that Mason had a prior juvenile record of violent offenses, that psychological evaluations had questioned his ability to control his anger, and, of particular significance, that Mason had refused to participate in a sexual-offender treatment program. See R.C.2950.09(B)(2).
After reviewing the record, we are persuaded that Judge Dinkelacker had ample evidentiary material before him to produce a firm belief or conviction that Mason "is likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also,State v. Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885. Consequently, there was clear and convincing evidence to support the finding that Mason is a sexual predator. See R.C. 2950.09(B); see, also,In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613,620. The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.